IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| JOHN WEIMER, JR. and MARION WEIMER,<br><br>    Plaintiffs,<br><br>vs.<br><br><br><br><br><br>INTERNATIONAL FLAVORS & FRAGRANCES, INC.,<br><br>    Defendant. | No. C05-4138-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT INTERNATIONAL FLAVORS AND FRAGRANCES, INC.'S MOTION TO BIFURCATE TRIAL AS TO THE AMOUNT OF DAMAGES** |

_____

## *I. INTRODUCTION AND BACKGROUND*

On March 2, 2006, plaintiffs John Weimer, Jr. and Marion Weimer ("the Weimers") filed their First Amended Complaint against defendant International Flavors & Fragrances, Inc. ("IFF") alleging four causes of action. The four causes of action asserted are for negligence, fraudulent concealment, civil conspiracy, and a combined claim for loss of consortium and medical expenses. The First Amended Complaint alleges that this court has subject matter jurisdiction by virtue of diversity of citizenship of the parties, 28 U.S.C. § 1332. The court previously concluded that the Weimers had not plead fraud with the particularity required by Rule 9(b), and, as a result, granted defendant

IFF's Motion To Dismiss Counts II and III of the First Amended Complaint. The claims in this case are centered around the Weimers' allegations that John Weimer, Jr., a former employee of Snappy Popcorn Company's microwave popcorn production facility in Breda, Iowa, suffers from certain respiratory ailments as a result of his exposure to butter flavorings manufactured by IFF and used at the Snappy Popcorn Company's microwave popcorn production facility. The Weimers seek both compensatory and punitive damages.

On June 12, 2007, defendant IFF filed a Motion To Bifurcate Trial As To The Amount Of Punitive Damages (#89). In its motion, defendant IFF contends that the issue of the amount of punitive damages should be tried separately and only if the jury first determines in the Weimers' favor on liability and compensatory damages and that the Weimers are entitled to punitive damages. Defendant IFF argues that bifurcation is necessary to avoid undue prejudice to defendant IFF which will result from the jury hearing evidence regarding defendant IFF's finances. Defendant IFF further argues that bifurcation in this case will promote judicial economy by delaying presentation of such evidence until actually necessary and avoiding the presentation of such evidence altogether should defendant IFF prevail on the issue of punitive damages in this case. The Weimers have filed a timely resistance to defendant IFF's bifurcation motion in which they argue that defendant IFF has not demonstrated that it will be prejudiced by the admission of evidence concerning its financial well being during the Weimers' case-in-chief. The Weimers further argue that defendant IFF has not demonstrated that bifurcation of the trial in this case would result in judicial economy.

## II. LEGAL ANALYSIS

Rule 42(b) of the Federal Rules of Civil Procedure provides for bifurcation of trials as follows:

2

> **(b) Separate Trials.** The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

FED. R. CIV. P. 42(b). The Eighth Circuit Court of Appeals has repeatedly held that the trial court's ruling on a motion to bifurcate "is reviewed for abuse of discretion." *Athey v. Farmers Ins. Exch.*, 234 F.3d 357, 362 (8th Cir. 2000) (citing *Equal Employment Opportunity Comm'n v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998)); *Thorne v. Welk Inv., Inc.*, 197 F.3d 1205, 1213 (8th Cir. 1999).

Courts in this Circuit have recognized that many factors may be relevant to the determination of whether or not to bifurcate proceedings pursuant to Rule 42(b). *See O'Dell v. Hercules, Inc.*, 904 F.2d 1194, 1201-02 (8th Cir. 1990) ("In exercising discretion, district courts should consider the preservation of constitutional rights, clarity, judicial economy, the likelihood of inconsistent results and possibilities for confusion."); *accord Bancorp Servs., L.L.C. v. Sun Life Assur. Co. of Canada*, 2006 WL 1026992, *2 (E.D. Mo. 2006) ("Multiple factors govern whether bifurcation is appropriate in any given case, including the separability of the issues; simplification of discovery and conservation of resources; prejudice to the parties; and the effect of bifurcation on the potential for settlement.") (citing *F & G Scrolling Mouse, L.L.C. v. IBM Corporation*, 190 F.R.D. 385, 387 (M.D.N.C. 1999)); *Eischeid v. Dover Constr., Inc.*, 217 F.R.D. 448, 466 (N.D. Iowa 2003) (citing *O'Dell*, 904 F.2d at 1201-02, as identifying pertinent factors, and noting, further, that Rule 42(b) expressly identifies "expedition" and "economy" as pertinent factors). However, the key issue is whether bifurcation is necessary to avoid prejudice.

*Athey*, 234 F.3d at 362 (because the movant could not show prejudice, the district court did not abuse its discretion by refusing to bifurcate claims).

The Eighth Circuit Court of Appeals has held that "[t]he decision of whether to isolate the punitive damages phase of the trial is within the sound discretion of the trial court." *Thorne v. Weld Inv., Inc.*, 197 F.3d 1206, 1213-14 (8th Cir. 1999). That court has also recognized that bifurcation of trial into separate phases to consider, first, liability and compensatory damages, and second, punitive damages, can avoid the potential that evidence pertinent to punitive damages will improperly prejudice a determination on liability and compensatory damages. *See Parsons v. First Investors Corp.*, 122 F.3d 525, 529 (8th Cir. 1997) (bifurcation of the trial in this way eliminated the risk that the liability and compensatory damages determinations were affected by counsel's improper remark made in the punitive damages phase). On the other hand, where evidence on one issue is relevant to other issues that the movant seeks to bifurcate into a separate phase of the trial, the movant is not prejudiced, and the court does not abuse its discretion in declining to bifurcate the issues. *See Equal Employment Opportunity Comm'n v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998) ("The evidence of racially discriminatory conduct was relevant on issues of liability, racial animus of managers, and punitive damages. Adam's Mark was therefore not prejudiced by admission of such evidence in a single proceeding, and the district court did not abuse its discretion in declining to bifurcate the issues.") (citations omitted).

Here, after careful analysis of all relevant considerations, the court finds that bifurcating this case is not warranted because the court is not persuaded by IFF's bald assertions that it will suffer prejudice if evidence of its finances are brought out in the plaintiff's case-in-chief. The premise underlying IFF's claim is that the jury will seek to award undue compensatory damages and award punitive damages in this case when they

4

learn of the company's finances. This argument presumes that the jury will not follow this court's instructions regarding the awarding of compensatory and punitive damages. However, this nation's theory of trial by jury is dependant upon the ability of jurors to follow instructions. *See Opper v. United States*, 348 U.S. 84, 95 (1954) ("To say that the jury might have been confused amounts to nothing more than an unfounded speculation that the jurors disregarded clear instructions of the court in arriving at their verdict." ). The court presumes that "jurors, conscious of the gravity of their task, attend closely the particular language of the trial court's instructions in a criminal case and strive to understand, make sense of, and follow the instructions given them." *Francis v. Franklin*, 471 U.S. 307, 326 n.9 (1985). Accordingly, the court presumes juries are composed of prudent, thoughtful, and intelligent individuals, and will not act based on mere speculation that jurors in this case might disregard this court's instructions or their oaths. Moreover, the court notes that defendant IFF's status as a corporation will be readily known to members of the jury from the onset of the trial in this case. The court, therefore, concludes that defendant IFF has not demonstrated that it will be prejudiced by the admission of all the evidence in a single proceeding for determination of compensatory and punitive damages. *See Athey*, 234 F.3d at 362 (the key issue for determining whether or not to bifurcate proceedings is whether a party will be prejudiced absent bifurcation). Thus, in this case, the court finds no reason to separate the liability and punitive damages phases of the trial. Rather, expedition and economy will be served by trying all issues in this matter together. Therefore, defendant IFF's motion to bifurcate is denied.

**IT IS SO ORDERED.**

**DATED** this 3rd day of July, 2007.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA

6